No. 2645

Second Circuit

————

HEDRICK vs. W. K. HENDERSON IRON WORKS AND SUPPLY COMPANY

————

(June 30, 1926. Opinion and Decree.)

————

(*Syllabus by the Editor.*)

1. Louisiana Digest—Master and Servant —Par. 159.

Where an injured employee is able to work at his trade, although he is disabled, the period of disability should be fixed at three hundred weeks under Section 8, Subsection 1 (c), of Act 20 of 1914, as amended by Act 216 of 1924.

(The recent amendment of Act 20 of 1914 is Act 85 of 1926. Editor's note.)

Appeal from the First Judicial District Court of Louisiana, Parish of Caddo. Hon. F. X. Ransdell, Judge.

Action by Charles B. Hedrick against W. K. Henderson Iron Works and Supply Company, et al.

There was judgment for plaintiff and defendants appealed.

Judgment amended and affirmed.

Julius T. Long, of Shreveport, attorney for plaintiff, appellee.

Pugh & Boatner, of Shreveport, attorneys for defendants, appellants.

WEBB, J. In this action plaintiff, Charles B. Hedrick, seeks to recover judgment against the W. K. Henderson Iron Works & Supply Company and the United States Fidelity & Guaranty Company under the Workmen's Compensation Act No. 20 of 1914 for permanent total disability to do work of any reasonable character, alleged to have been the result of injuries received by plaintiff while in the employment of the defendant.

The United States Fidelity & Guaranty Company filed an exception of no cause of action, which does not appear to have been passed upon, and the W. K. Henderson Iron Works & Supply Company answered.

On trial there was judgment in favor of the plaintiff for twenty dollars per week for a period not exceeding four hundred weeks, subject to a credit of one hundred and sixty dollars for compensation paid prior to the date of the trial.

The defendant appealed.

The plaintiff is a boiler maker, and on July 2, 1925, while engaged in the service of the Henderson Company at a daily wage of seven and 20-100 dollars, he fell from a scaffold and sustained injuries which are described as a fracture of the second and fourth metatarsal bones, and a splinter of the third metatarsal bone of the right foot, and a fracture of the inner malleolus bone of the left ankle, which admittedly disabled plaintiff for a period of eight weeks, for which period he received compensation at the rate of twenty dollars per week.

After the plaintiff had been discharged by the physicians he again sought employment with defendant, and was employed as an "extra man" by the day where he

worked when there was need of extra help until about the latter part of October, 1923, when he was discharged.

This suit was filed on November 12, 1925, and trial was had on January 19, 1926, at which time the fractured bones had healed, but the plaintiff was suffering with fallen arches or flat feet, and also with bunions and with a deformed great toe, hallux valgus, on the right foot, which admittedly would somewhat disable him, in that he could not walk or stand upon his feet for the period of time which he otherwise could without experiencing some degree of pain.

The opinion of the experts was that the bunions and hallux valgus were of long standing, although the plaintiff testifies that he had not experienced any inconvenience from this condition prior to the accident.

The physicians called by the defendant were of the opinion that the fallen arches were attributable to the transverse muscles of the arches being relaxed, which they were of the opinion was due to the manner in which one suffering from an unusual bunion would walk in order to avoid the pain which would otherwise be incident to such exercise; while the physicians called by plaintiff were of the view that the longitudinal muscles of the arch were relaxed, and, accepting the statement of the plaintiff that he suffered no inconvenience prior to the accident when walking or standing on his feet, and going about his work, they attribute the fallen arch to the injuries which they are of the opinion must have strained or displaced the muscles and tendons of the feet.

The plaintiff states that he is unable to stand upon his feet any great length of time without pain, and he also states that during the time he was working at his trade after the accident he worked in spite of the pain which he experienced, although there is no testimony that he made any complaint during that time.

The opinions of the physicians who were called by the parties, as to the cause and remedy of plaintiff's disability, are very much in conflict. However, in view of the fact that plaintiff did suffer serious injuries to his feet, and that he does suffer some disability, we are of the opinion that the finding of the trial court as to the cause of his disability is supported by the preponderance of the evidence, but we do not think that it establishes that plaintiff is totally disabled from following his trade.

On the other hand, we find that plaintiff is able to work at his trade, and that the period of disability should have been fixed not to exceed three hundred weeks, and there being no evidence in the record which enables us to fix the amount which plaintiff can earn in his condition of partial disability, the weekly rate of compensation as fixed by the District Court will not be disturbed. (Wm. H. McMullen vs. La. Cent. Lumber Co., 3 La. App. 562.)

It is therefore ordered that the judgment appealed from be amended so as to fix the period for payment of compensation for the period of disability, not to exceed three hundred weeks, and as thus amended the judgment is affirmed.